UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL FRIEDMANN,

                    Plaintiff,

        v.

NATASHA FLAGG, et al.,

                    Defendant.

CASE NO. C26-5028 BHS

ORDER

THIS MATTER is before the Court on following Magistrate Judge Grady J. Leupold's Order granting pro se plaintiff Michael Friedmann's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court evaluation of whether Friedmann's complaint asserts a plausible claim and should be served. Dkt. 22 (citing 28 U.S.C. § 1915(e)(2)(b)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

ORDER - 1

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Friedmann's complaint does not meet this standard. He alleges that defendants Natasha Flagg (his orthopedic surgeon), the State of Washington, the Washington State Department of Commerce, and the United States Department of Health and Human Services together violated his constitutional and statutory rights. Friedmann's core factual allegation is that in August 2021, he visited MultiCare's Gig Harbor clinic while was "in crisis," and some unidentified white female patient wrongly reported that Friedmann had a gun. A MultiCare nurse confronted him and treated him as a security threat. Dkt. 1 at 5–8. He claims that in the aftermath of the incident, some unidentified person at non-party

MultiCare "created records of made reports that falsely painted Plaintiff as dangerous." *Id.* As a result, he was effectively banned from MultiCare. He claims more broadly that Flagg abandoned him without a referral to some other medical care provider and "violated basic medical standards." *Id*.

Friedmann claims that "Defendants'" treatment of him during the incident and the ultimate decision to ban him was motivated by discriminatory animus. Friedmann makes no effort to tie any of this conduct to Flagg, or to the three remaining governmental defendants. He does not, and could not plausibly allege that Washington or the U.S. DSHS discriminated against him, wrongfully banned him from MultiCare, or wrongly reported that he had a gun when he did not. He cannot plausibly allege that Washington State treated him as a direct threat when he was not. *Id.* at 15.

The remainder of Friedmann's complaint is conclusory, and it does not describe a factual story that allows *the Court* to draw the reasonable inference that any defendant is liable to him for the misconduct he alleges. He has alleged no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. This is insufficient. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A plaintiff is required to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Unless the plaintiff cannot possibly cure the defects in his pleading, the Court will allow a pro se litigant to amend his complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to

amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Friedmann should file an amended complaint within **21 days**. Any amended complaint should focus on the "who, what, when, where, why, and how" of a factual story. Adjectives, legal citations, and conclusory statements are not required and are not enough to state a viable claim. The complaint should identify who did what to him, when, where, why, and how, and then plausibly articulate why that conduct is actionable in this Court. If he does not, or if the amended pleading fails to meet this standard, the matter will be dismissed.

The Court is unlikely to entertain any other motions unless and until Friedmann states a plausible claim against a defendant.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4